```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
            v.                      )    CR. No. 09-66-1-S
                                    )
JULIO CANDELARIO, a/k/a "Macho,"    )
                                    )
            Defendant.              )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Julio Candelario has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion") (ECF No. 85) pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Motion is DENIED.

I.  Background

On June 7, 2010, Candelario pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1); Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) & 2 (Count 2); use and possession of a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 (Count 3); conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count 4); and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 5). Also on June 7, 2010, Candelario pleaded guilty (in an unrelated matter) to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (CR. No. 09-155-S.)

The Probation Officer determined that Candelario was a career offender and his Guidelines range was 262-327 months of incarceration. (Presentence Report ("PSR") ¶ 42.) The calculation included a credit for acceptance of responsibility as well as the seven year mandatory consecutive sentence required for the possession of a firearm during a crime of violence conviction. Candelario was sentenced to 180 months imprisonment, which was consistent with the government's recommendation and below the advisory Guidelines range. Following sentencing on February 11, 2011, Candelario did not file a direct appeal.

II. Discussion

Candelario contends that "the Court improperly [enhanced his] sentence to carreer [sic] offender using a prior conviction that does not meet the requirement, [and thus] per Simmons v. U.S. [his] conviction is invalid for enhancement purposes." (Motion 5.) Candelario's argument appears meritless on its face; he does not indicate why the conviction should not be counted, nor does he provide a citation to the specific case to which he is referring.

In any event, the Court may only address Candelario's contention if his Motion is timely and because the Motion is untimely, and he does not otherwise argue why it should not be considered untimely, the Court need not address the merits of his claim.

> 28 U.S.C. § 2255 provides in pertinent part:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Additionally:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Candelario's judgment was entered on February 15, 2011. (ECF No. 82.) He had fourteen days from the date judgment was entered to file a direct appeal pursuant to Rule 4(1)(A)(i) of the Federal Rules of Appellate Procedure. Candelario never filed a direct appeal. When a prisoner does not file a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires. See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Wims v. United States, 225 F.3d 186, 188

(2d Cir. 2000). The conviction became final on March 1, 2011. Therefore, Candelario had one year from March 1, 2011 to file a motion pursuant to 28 U.S.C. § 2255. Candelario's Motion was not filed until over one year and four months later, on July 19, 2012, and thus his claim is time barred. See 28 U.S.C. § 2255(f)(1).

III. Conclusion

Since Candelario's Motion is not timely, and he does not otherwise argue why his untimeliness should be excused under 28 U.S.C. § 2255(f), the instant Motion pursuant to 28 U.S.C. § 2255 is hereby DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability ("COA") because Candelario has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Candelario is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED:

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: July 2, 2013